# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HERBERT WENDLING,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0975**  (BOR Appeal No. 2045355)
(Claim No. 2008037017)

**YELLOW TRANSPORTATION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Herbert Wendling, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Yellow Transportation, Inc., by Patricia E. McEnteer, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 8, 20011, in which the Board affirmed a November 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 29, 2009, decision granting the claimant 4% permanent partial disability for right knee strain and right knee medial and lateral meniscal tears, and the claims administrator's June 1, 2009, denial of Mr. Wendling's request to add right knee degenerative joint disease as a compensable component of the injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wendling was employed as a truck driver for Yellow Transportation, Inc. On March 27, 2009, he caught his foot on a piece of steel while walking on a loading dock. He twisted his right knee, stepped backward, and hit his right knee against a pipe. Mr. Wendling was granted a 4% permanent partial impairment award for right knee strain and right knee medial and lateral meniscal tears. Mr. Wendling then requested the addition of degenerative joint disease as a

compensable component of his injury. The claims administrator denied Mr. Wendling's request, leading to this appeal.

The Office of Judges affirmed the claims administrator's decision. The Office of Judges found, based on a preponderance of the evidence, that the degenerative disease in Mr. Wendling's right knee pre-existed his compensable injury. Although the Office of Judges considered a report by Dr. Guberman, who attributed an additional 4% whole body impairment from Mr. Wendling's injury, the Office of Judges found that Dr. Guberman had not considered pre-existing degenerative changes in Mr. Wendling's knee. Instead, the Office of Judges based this determination on the evaluation by Dr. Bachwitt, which considered a range of causes besides Mr. Wendling's work. Dr. Bachwitt believed that the degenerative changes, accounting for the additional 4% impairment rating in Dr. Guberman's report, would take years to develop and, therefore, were not related to Mr. Wendling's compensable injury. The Office of Judges found that the damage in Mr. Wendling's knee was the result of degenerative changes and not the work-related injury.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on June 8, 2011.

We agree with the Office of Judges' findings and reasoning. The preponderance of the evidence weighs in favor of finding that the additional 4% impairment recommended by Dr. Guberman for Mr. Wendling's degenerative joint disease pre-existed his compensable injury and was not work-related. The Board of Review was not clearly wrong to affirm the Office of Judges Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 14, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum